IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL V. PETRAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1402-N |
| | § | |
| GARY MOLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendants Gary Mole and Julie Cannon's motion for summary judgment [144], Plaintiff Michael Petras's motion for leave to amend his complaint [126], the Bernard Defendants[1] motion for entry of judgment [115], and the Glacial Defendants[2] motion for entry of judgment [116]. Mole also moves to dismiss Petras's claims against Defendants Andrew Marriner and Touchdown Properties, LLC ("Touchdown") [130]. The Court grants Mole and Cannon's motion for summary judgment in part and denies it in part, denies Mole's motion to dismiss, and denies Petras's motion for leave to amend his complaint. The Court denies the Bernard Defendants' and the Glacial Defendants' motions for entry of judgment. And the Court also denies, as moot, Mole and Cannon's motion for judgment on the pleadings [118].

---

[1]The Bernard Defendants are: Don Bernard, Elizabeth Bernard, and Koby Bernard.

[2]The Glacial Defendants are: Glacial Energy Holdings, Inc., Glacial Energy Holdings I, LLC, Glacial Energy Holdings II, LLC, Glacial Energy of New York, Inc., Glacial Energy of Texas, Inc., Glacial Energy, Inc.

# I. PETRAS'S DISPUTE

In 2003, Mole first discussed forming a retail electric provider ("REP") with Petras. Petras prepared a business plan while Mole agreed to provide $10 million in financing. Petras and Mole, along with Roger McAulay, formed their REP, named Franklin Corporation ("Franklin"). Touchdown, an entity owned by Mole, purchased 60% of Franklin's shares for $600, while Allegra Family Limited Parternship ("AFLP"), a partnership affiliated with Petras, purchased 20% of the shares for $200. McAulay, the eventual CEO, purchased the remaining 20%. Almost immediately, Mole began to express reservations about his ability to acquire the $10 million in financing.

Petras soon left Franklin. As part of his exit, on behalf of AFLP, he executed a stock repurchase agreement providing that Franklin would repurchase AFLP's shares. Franklin soon defaulted on this agreement. As a result, Petras, AFLP, and Franklin entered into a new agreement, replacing the previous repurchase agreement. The new agreement additionally provided that Petras and AFLP waived all claims against Franklin, its officers, directors, shareholders and affiliates. In May 2005, Franklin defaulted again.

After the second default, on May 13, 2005, Petras threatened suit. Specifically, Petras stated in a letter that "if you fail to continue to honor your commitment to fund the company, we plan to name you personally in our suit." Ex. 1-T, App. Supp. Def.'s Mot. Summ. J. 127. Petras also threatened to contact public utility companies in Texas and New York to "notify them of some of your potentially fraudulent business practices to enable them to prevent you from resuming those activities under different business names or with other aliases." *Id.*

Less than a week after Petras's letter, Mole formed Glacial Energy Holdings, a Nevada corporation.  Meanwhile, on March 6, 2006, the state of Delaware revoked Franklin's corporate charter, ending Franklin's corporate existence.

Petras filed suit on June 27, 2011 against Mole, Kaplan and his associated businesses, the Glacial Entities, and various officers and directors of Franklin and the Glacial Entities, alleging professional malpractice, negligence, fraudulent transfer, money had and received, breach of fiduciary duty, fraud, negligent misrepresentation, conspiracy, and civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claims.  The Court dismissed the fraudulent transfer, money had and received, and RICO claims against all Defendants, and all other claims against the Bernard Defendants and the Glacial Defendants.  Now, Mole and Cannon move to dismiss and for summary judgment, Petras moves for leave to amend, and the Bernard and Glacial Defendants both move for entry of judgment.

## II.  MOLE AND CANNON ARE ENTITLED TO SUMMARY JUDGMENT ON MOST CLAIMS

As this Court has already noted, Petras's suit against Mole centers around conduct occurring more than four years before Petras filed suit.  *See* Order of May 17, 2012 [100] at 17.  Accordingly, some tolling doctrine must apply to save most of Petras's claims against Mole and Cannon from being time-barred.  Petras asserts his claims are tolled because of one or more of three doctrines: (1) the discovery rule, (2) fraudulent concealment, and (3) equitable tolling.  The Court holds that Petras has failed to raise an issue of material fact as to any of these three doctrines and that, accordingly, Mole and Cannon are entitled to summary judgment on most of Petras's claims.

### A. Summary Judgment Standard

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Courts, however, need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, courts resolve factual controversies in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B. Petras Is Not Entitled to Tolling Based on the Discovery Rule

If an injury is inherently undiscoverable and also objectively verifiable, the discovery rule tolls the running of the limitations period until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, facts giving rise to the legal claim. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).[3]  Once a claimant learns of a wrongful injury the statute of limitations begins to run, even if the claimant does not yet know "the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it." *Exxon Corp. v. Emerald Oil & Gas Co., LLC*, 348 S.W.3d 194, 207 (Tex. 2011) (quoting *PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93-94 (Tex. 2004).  Further, if information is available in public records, the plaintiff has constructive knowledge of those records, and such constructive knowledge is deemed actual notice. *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981).

Assuming *arguendo* that Petras's injuries were inherently undiscoverable, and that the discovery rule would apply to his claims, Petras fails to satisfy the requirements of the discovery rule for tolling.  Public records show that Franklin ceased to exist on March 1, 2006.  Public records also show that Mole was involved with the formation of Glacial in May of 2005.   Petras's letters indicate that Petras knew that Franklin was near bankruptcy and would likely not pay pursuant to the buyback agreements. Petras also indicated his general distrust of Mole, writing an e-mail to Roger McAulay stating specifically that "everything Gary [Mole] says is a lie." Ex. 1-P, App. Supp. Def.'s Mot. Summ. J. 109.  And most

---

[3]The parties agree that Texas substantive law applies to the limitations issues.

importantly, Petras even threatened suit.  These undisputed facts show that Petras had actual knowledge of the facts giving rise to his claims arising out of the breach of the buyback agreement.  The facts also show that Petras had at least constructive knowledge, and thus actual notice, that Mole was involved with another corporation in 2005 and that Franklin ceased to exist in 2006.  The Court holds that these facts establish that Petras had actual knowledge the facts giving rise to his claims as a matter of law.

Petras seeks to avoid this result by claiming that he "only recently discovered the facts in this case."  Pl.'s Resp. Def.'s Mot. Summ. J. 7.  Petras offers evidence that, although he threatened suit in 2005, his lawyer, Charles Kaplan, persuaded him to refrain from doing so. Petras asserts that Kaplan told Petras that Cannon, Mole's wife, had terminal brain cancer and, further, that Mole and Cannon would soon leave the country.  Petras claims that he did did not learn until 2010 that Cannon never had terminal brain cancer, that Mole and Cannon remained in the United States, and that Mole was still in the energy business.  Petras also claims that he was unaware that Mole had utilized Franklin assets to help form Glacial.

This allegedly newly acquired information, however, does not raise a fact issue about the discovery rule.  The facts Petras must not know to toll his claim based on the discovery rule are "the facts giving rise to a cause of action."  *HECI Exploration Co.*, 982 S.W.2d at 886.  But Petras knew of his legal claim by the time Franklin ceased to exist on March 1, 2006; when Franklin's charter was revoked, Petras knew Franklin would not pay.  And Petras is deemed to have had notice that Mole was involved with the Glacial Entities and about Franklin's revoked charter.  Given what Petras actually knew — that Franklin was near

ORDER – PAGE 6

insolvency and in breach of its buyback agreement — and what Petras is deemed to know — Mole's involvement with Glacial in May of 2005 and Franklin's charter revocation in March of 2006 — Petras also should have discovered the facts giving rise to any claim about Mole's use of Franklin's assets to form Glacial. The newly acquired information, although possibly pertinent to Petras's ultimate determination not to sue as a practical matter, does not raise a fact issue regarding the discovery rule: the summary judgment evidence affirmatively shows that Petras knew of his injury and had either actual or constructive knowledge of the facts giving rise to his claims. Thus, the discovery rule does to toll his claims.[4]

### C. Petras's Claims Are Not Tolled by the Doctrine of Fraudulent Concealment

Where a defendant acts to conceal facts forming the basis of an injury, the doctrine of fraudulent concealment tolls the statute of limitations until the claimant discovers, or with reasonable diligence should have discovered, facts that could support the cause of action. *See Colonial Penn Ins. v. Mkt. Planners Ins. Angecy Inc.*, 157 F.3d 1032, 1035 (5th Cir. 1998). The tolling doctrine of fraudulent concealment fails for the same reason as the discovery rule: Petras knew of the facts giving rise to his claim against Mole and Cannon at the latest on March 1, 2006.

---

[4]Petras argues that his breach of fiduciary duty claim is "inherently undiscoverable" because Mole owed him fiduciary duties as a Franklin director. For purposes of this motion, the Court need not decide whether Mole owed Petras fiduciary duties. The Court holds that, as a matter of law, Petras had actual knowledge of the facts giving rise to his claim, and thus the discovery rule does not apply. The limitations period begins to run if the claimant has actual knowledge of the injury, regardless whether the injury was inherently undiscoverable.

ORDER – PAGE 7

### D.  Petras Is Not Entitled to Equitable Tolling

Where a *defendant's* conduct reasonably induces a plaintiff not to file suit within the limitations period, courts sometimes apply the doctrine of equitable estoppel to allow the plaintiff's claims to proceed.  *See Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App. – Dallas 2005, no pet.).  Equitable tolling exists when the defendant induces a plaintiff not to file suit even though the plaintiff knows of his claim.  *See Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App. – Austin 1987, writ ref'd n.r.e.).  Although not frequently interpreted by Texas courts, the doctrine is based on the premise that a defendant is forbidden from hiding behind limitations when it was that defendant's fault that the plaintiff did not timely sue.  *Id.*  Still, the plaintiff must be diligent; "he may not continue to rely upon the defendant's original inducement beyond a point when it becomes unreasonable to do so." *Id.*  The Court holds that the doctrine does not apply.

Petras fails to point to any evidence that Mole or Cannon tricked him from filing suit. Rather, Petras alleges that Kaplan, *Petras's* attorney, persuaded him not to sue.  Although Kaplan was apparently Mole's attorney as well, Petras does not offer any evidence that Kaplan gave his advice not to sue to Petras on behalf of Mole or Cannon.  Thus, the premise behind equitable tolling does not apply.  Mole and Cannon may protect themselves by use of limitations because Kaplan, not Mole or Cannon, was the alleged cause of Petras's failure to timely sue.

### E.  Mole and Cannon Are Not Entitled to Summary
### Judgment on Petras's Conspiracy Claim

Mole and Cannon are not entitled to summary judgment on Petras's conspiracy claim. Although the Court has found that all of Petras's individual claims against Mole and Cannon are barred by limitations, Petras still has tort claims against other parties.[5]  Mole and Cannon assert only that, because Petras has no individual tort claims against them, Petras's conspiracy claim against them fails.  This is not correct.  Although a conspiracy claim requires an underlying tort, civil conspiracy does not require that a plaintiff prove that any individual member of the conspiracy actually committed the tort.  Rather, the conspirators, as a whole, must commit "one or more unlawful, overt acts."  *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).  If, for example, Mole and Cannon agreed to work with Kaplan to breach Kaplan's fiduciary duty to Franklin or to Petras, all three might be liable for civil conspiracy.  *See Kirby v. Cruce*, 688 S.W.2d 161, 166 (Tex. App. – Dallas 1985, writ ref'd n.r.e.) (imposing liability against all members of conspiracy for breach of fiduciary duty).  Because the basis on which Mole and Cannon seek summary judgment on Petras's conspiracy claim is incorrect, Mole and Cannon failed to discharge their initial burden to inform the Court of the basis for their belief that there is no genuine issue for trial.  Accordingly, Mole and Cannon have not shown that they are entitled to summary judgment on Petras's conspiracy claim.

---

[5]In particular, Petras alleges civil conspiracy to "engage in fraud against Petras for [the conspiracy's] own personal gain."  Pl.'s First Am. Comp. ¶ 105.  Underlying tort claims – Petras's fraud claims against Kaplan and Kaplan & Associates, LLP (collectively, the "Kaplan Defendants") – remain pending.

In sum, Mole and Cannon are entitled to summary judgment on Petras's claims against each of them individually. However, Mole and Cannon are not entitled to summary judgment on Petras's conspiracy claim.

### III. THE COURT DENIES PETRAS'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

#### A. *Petras Seeks to Add a Party after the Deadline*

Petras's proposed amended complaint seeks to add Franklin as a party after the June 7, 2012 deadline provided by the scheduling order. *See* Scheduling Order ¶ 2. Petras claims that he seeks to add Franklin as only "a nominal party to assert the claims it has against its directors and its former attorney." However, in a derivative claim, the corporation is not simply a nominal party; rather, the corporation is the real party in interest. *See Ross v. Bernhard*, 396 U.S. 531, 539 (1970) (noting that the corporation in derivative claim "is the real party in interest, the stockholder being at best the nominal plaintiff"). Accordingly, Petras is seeking to add a new party past the deadline.

Rule 16(b) governs amending of pleadings after a scheduling order deadline has expired. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.* 315 F.3d 533, 535 (5th Cir. 2003). Accordingly, Petras must show good cause. *See* FED. R. CIV. P. 16(b).

#### B. *Petras Failed to Show Good Cause to Add Franklin After the Deadline*

"The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). District courts have

ORDER – PAGE 10

broad discretion in deciding whether to allow a party to amend after the scheduling order deadline has expired. *See id.* However, "the district court's discretion is guided by the following factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); *see also S&W Enters.*, 315 F.3d at 536.

Petras claims that he has good cause to add Franklin as a party because Mole and Cannon recently asserted that Delaware law applies. But the Court finds that Petras either knew or should have known that Franklin was a Delaware corporation. Petras also should have known, within the deadline period, that Texas applies the internal affairs doctrine. The internal affairs doctrine holds that the laws of the state of incorporation govern the corporation's internal affairs. *See* TEX. BUS. ORG. CODE § 1.102 ("If the formation of an entity occurs when a certificate of formation or similar instrument filed with a foreign governmental authority takes effect, the law of the state or other jurisdiction in which that foreign governmental authority is located governs the formation and internal affairs of the entity."). Further, Petras should have known that breach of fiduciary duty claims fall within the scope of the doctrine, *see Hollis v. Hill*, 232 F.3d 460, 464-65 (5th Cir. 2000) (applying internal affairs doctrine to breach of fiduciary duty claim), and thus, Delaware law should apply. *See Mobius Risk Corp. v. Global Clean Energy Holdings, LLC*, Civil Action No. H-10-1708, 2012 WL 527939, at *5 (S.D. Tex. Feb. 16, 2012) (noting that court may deny leave to amend if movant "knows and should have known of the facts upon which the

proposed amendment is based but fails to include them in the original complaint"). Even if Petras did not know these specifics, Petras knew that he should have added Franklin as a party when Mole and Cannon first argued that Petras needed to bring a derivative claim. Mole and Cannon first made this argument almost a year before Petras sought leave in this Court to add Franklin as a party, *see* Def.'s Mot. Dismiss [74], and well before the Court entered its scheduling order. The Court thus finds that Petras has given no adequate explanation for his failure to add Franklin within the deadline.

The Court also finds that Petras's motion to add Franklin is not important. Franklin lost the capacity to sue and be sued three years after its dissolution, or March 1, 2009. *See* DEL. CODE ANN. TIT. 8, § 278. Petras may not bring a derivative claim on Franklin's behalf if Franklin itself has no capacity to sue. *See McCagg v. Schulte Roth & Zabel LLP*, 74 A.D.3d 620, 626-27 (N.Y. App. Div. 2010) (denying motion to add dissolved Delaware corporation as party when corporation was dissolved over three years prior). Accordingly, the Court finds that Petras has failed to show good cause.

### C. Petras's Other Amendments Are Futile

Because Petras has not shown good cause to add Franklin as a party, his remaining amendments are futile. Other than adding Franklin, Petras seeks to amend to add two new claims. First, Petras asks the Court to appoint a receiver to distribute allegedly undistributed assets of Franklin. Second, Petras seeks to assert derivative claims on behalf of Franklin. But since Petras failed to show good cause for adding Franklin as a party, both requests are futile. In the receivership context, as well as the derivative claim context, Franklin is a

necessary party.  *See Ross*, 396 U.S. at 539 (holding that corporation is necessary party to derivative action); *Irvin v. Anthony Shoals Power Co.*, 277 F. 926 (5th Cir. 1921) (holding that corporation on behalf of which appoint of receiver is sought is necessary party to receivership action).  Because Petras did not show good cause for his failure to meet the deadlines provided by the scheduling order to add Franklin as a party, and because Franklin is a necessary party to both of the new amendments Petras seeks, Petras's amendments are futile.

Petras seeks to add a new party after the deadline to do so has past.  Petras failed to show good cause for his failure to comply with the scheduling order, and accordingly, the Court denies Petras's request to add Franklin as a new party.  Further, due to Petras's failure to add Franklin, Petras's remaining amendments are futile.  Accordingly, the Court denies Petras's motion for leave to amend.

## IV.  THE COURT DENIES MOLE'S MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE

Mole moves to dismiss Petras's claims against Touchdown and Marriner for failure to timely serve those defendants.  Rule 4 requires that a defendant must be served within 120 days after the complaint is filed.  *See* FED. R. CIV. P. 4(m).  However, because Touchdown and Marriner have since filed answers, the Court denies Mole's motion as moot.  *See City of Clarksdale v. BellSouth Telecommc'ns, Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) ("Filing an answer to the complaint without objecting to service of process . . . waive[s] a defendant's right to object to service of process."); *Lopez v. Countywide Mortg.*, No. C-06-116, 2008 WL 910073, at *3 (S.D. Tex. Apr. 2, 2008) (holding that issue regarding

defendant's standing to challenge other defendant's defective service was moot due to defendant's answer).

## V. THE COURT DENIES THE BERNARD DEFENDANTS' AND THE GLACIAL DEFENDANTS' MOTIONS FOR ENTRY OF JUDGMENT

The Bernard Defendants and Glacial Defendants both ask the Court for entry of judgment. However, the Fifth Circuit cautions that Rule 54(b) "should be reserved for a case where a delay in the appeal might result in prejudice to a party." *Page v. Gulf Oil Corp.*, 775 F.2d 1311, 1313 n.2 (5th Cir. 1985). It was not adopted to "overturn the settled rule against piecemeal appeals." *Id.* (citing *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984)). Neither the Bernard Defendants nor the Glacial Defendants assert any reason why delay might result in prejudice, and the Court is aware of none. Accordingly, the Court denies the Bernard Defendants' and the Glacial Defendants' motions.

## CONCLUSION

For the reasons stated above, the Court grants Defendants Mole and Cannon's motion for summary judgment in party and denies it in part, denies Mole and Cannon's motion to dismiss for failure to timely serve, denies Petras's motion for leave to amend, and denies the Bernard and Glacial Defendants' motions for entry of judgment. The following claims remain pending for trial: professional malpractice against the Kaplan Defendants, negligence against the Kaplan Defendants, breach of fiduciary duty against Marriner and the Kaplan Defendants, fraud against the Kaplan Defendants, negligent misrepresentation against the

Kaplan Defendants, and conspiracy to engage in fraud against Mole, Cannon, the Kaplan

Defendants, Peter Koeck, and Andrew Marriner.

Signed January 31, 2013.

David C. Godbey
United States District Judge